UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SIMON,<br><br>             Plaintiff,<br><br>      v.<br><br>C/O K. CLEMENTS,<br><br>             Defendant. | Case No. CV 15-04925 JLS (PLA)<br><br>**ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**<br><br>**ORDER GRANTING LEAVE TO FILE A THIRD AMENDED COMPLAINT AS TO "SUBSTANTIAL RISK" CLAIM** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Complaint, all the records and files herein, and the Magistrate Judge's Report and Recommendation. The Court **ADOPTS IN PART** the Report and Recommendation of the United States Magistrate Judge. The Court **ADOPTS** the recommendation that Plaintiff's Eighth Amendment claim based on the failure to provide adequate medical care be dismissed without leave to amend. The Court also **ADOPTS** the recommendation that any claims based on the allegedly false statements made by Defendant be dismissed without leave to amend.

However, a third claim requires further discussion. The Eighth Amendment prohibition against cruel and unusual punishment includes a right to safe and humane conditions of confinement. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Therefore, a correctional officer's deliberate indifference to a known substantial risk

1  of serious harm to an inmate can form the basis of an inmate's civil rights claim. *Id.*
2  This legal standard involves both objective and subjective parts.  To satisfy the
3  objective part, the alleged deprivation must be "sufficiently serious" to constitute a
4  constitutional violation. *Id.* at 834. To satisfy the subjective part, the correctional
5  officer must "know[] of and disregard[] an excessive risk to inmate health or safety."
6  *Id.* at 837. Additionally, the deliberate indifference standard requires "more than mere
7  negligence," but it does not require an actual intent to harm or that an officer act with
8  "knowledge that harm will result." *Id.* at 835. Rather, deliberate indifference is a
9  reckless disregard of a known substantial risk of serious harm. *Id.* at 836.

10       A careful review of the record reveals that Plaintiff has made the following
11  factual allegations:  When Plaintiff was transported in a van by Defendant
12  Correctional Officer Clements, he was shackled in a manner that did not allow him to
13  fasten his own seat belt, and Officer Clements did not secure Plaintiff's seat belt for
14  him. Thereafter, possibly in an attempt to get through a traffic light before it turned
15  red, Officer Clements was driving at a high rate of speed when he slammed the van's
16  brakes suddenly. The force of the sudden braking caused Plaintiff to be thrust
17  violently forward, hitting his knees and head on a partition in front of his seat, causing
18  injury.

19       As currently alleged, these facts do not amount to a constitutional violation. The
20  law is clear that inmates who are transported by correctional officers do not have a
21  constitutional right to the use of seat belts.  *See, e.g., Jabbar v. Fischer*, 683 F.3d 54,
22  58 (2d Cir. 2012) ("[W]e . . . hold that the failure of prison officials to provide inmates
23  with seatbelts does not, without more, violate the Eighth . . . Amendment[]."); *Spencer
24  v. Knapheide Truck Equip. Co.*, 183 F.3d 902, 906 (8th Cir. 1999) (holding that use of
25  vehicles without safety restraints did not present a "substantial risk of serious harm");
26  *Groce v. Smith*, No. 3:15-CV-0823, 2015 WL 4743818, at *2 (M.D. Tenn. Aug. 10,
27  2015) ("[T]ransporting inmates without seatbelts alone does not amount to . . .
28  deliberate indifference[.]"); *Foreman v. Unnamed Officers of the Fed. Bureau of*

*Prisons*, No. CIV.A. 09-2038, 2010 WL 2720817, at \*6-7 (D. Md. July 7, 2010) (noting that to find a constitutional violation, "courts . . . require something more than the simple lack of a safety belt during transport"); *Walls v. Kaho*, No. CIV A 5:06CV188-MTP, 2009 WL 901917, at \*2 (S.D. Miss. Mar. 31, 2009) (collecting cases); *Mojet v. Transp. Driver*, No. 1:06-CV-321 TS, 2006 WL 3392944, at \*4 (N.D. Ind. Nov. 22, 2006) ("Transporting inmates in vans without seat belts does not meet the deliberate indifference standard."). Therefore, Officer Clements' failure to secure Plaintiff's seat belt does not, by itself, establish a violation of Plaintiff's constitutional rights.

However, many federal courts have held that the failure of a correctional officer to secure the seat belt of an inmate—***when combined with other facts***—may state a claim. *See, e.g.*, *Brown v. Fortner*, 518 F.3d 552, 560 (8th Cir. 2008) (inmate stated a claim where he alleged he asked to have seat belt fastened but was denied, and where officer drove recklessly and ignored requests from inmate passengers to slow down); *Brown v. Missouri Dep't of Corrections*, 353 F.3d 1038, 1040 (8th Cir.2004) (similar); *Kemp v. Webster*, No. 09-CV-00295-RBJ-MJW, 2012 WL 4919615, at \*7 (D. Colo. Oct. 16, 2012) ("Transporting a cuffed and shackled inmate, unrestrained, in a vehicle that is erratically changing lanes, fishtailing, and following too closely is clearly reckless."); *Wilbert v. Quarterman*, 647 F. Supp. 2d 760, 770 (S.D. Tex. 2009) (allegations that inmate requested seatbelt, was denied, and that transport van was traveling at unsafe speed stated a claim under the Eighth Amendment); *Barela v. Romero*, No. CIVIL 06-41 JBDJS, 2007 WL 2219441, at \* 7 (D.N.M. May 10, 2007) (finding that plaintiff articulated cognizable Eighth Amendment claim based on allegations that the transport van in which he was injured was not equipped with seatbelts, and the officer was speeding and stopped suddenly on the highway); *Pendleton v. Schroeder*, No. C 98 0791 FMS, 1998 WL 273000, at \*2 (N.D. Cal. May 22, 1998) (similar). Therefore, to survive dismissal, Plaintiff must allege facts that, if proven, support inferences that Officer Clements was more than merely negligent, and

that Officer Clements was instead deliberately indifferent to a known substantial risk of serious harm to Plaintiff. Facts such as whether seat belts were available for use, whether the inmate requested the use of a seat belt, whether the driver knew the inmates were not secured by seat belts, how the officer drove the vehicle, and the traffic conditions at the time of an incident causing injury are all relevant to a determination of whether an inmate can state a claim pursuant to this legal theory.

From the record, although it is not entirely clear, it appears to the Court that Plaintiff may be able to allege additional facts in support of his claim. Therefore, the Court declines to adopt that portion of the Report and Recommendation that dismisses Plaintiff's "substantial risk" claim without leave to amend. The Court agrees that the claim must be dismissed because, as currently written, it is not sufficient. However, the Court is also of the opinion that Plaintiff should be granted leave to amend his "substantial risk" claim.

Accordingly, as to the "substantial risk" claim only, Plaintiff is **GRANTED LEAVE TO FILE** a Third Amended Complaint. The Third Amended Complaint must be filed *no later than July 11, 2016*. Plaintiff is instructed to set forth, in detail, all factual allegations that are relevant to whether Officer Clements subjected him to a known substantial risk of serious harm.

The Clerk is directed to provide Plaintiff with a blank Central District civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: June 10, 2016**

_____
The Hon. Josephine L. Staton
United States District Judge